NOT DESIGNATED FOR PUBLICATION

No. 119,360

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REYNALDO CASTILLO JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed February 15, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Reynaldo Castillo Jr. appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Castillo's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On August 17, 2015, Castillo pled guilty to one count of possession of marijuana, a severity level 5 drug felony. On November 2, 2015, the district court sentenced Castillo to 30 months' imprisonment but granted probation for 12 months to be supervised by community corrections.

1

At a hearing on July 6, 2016, Castillo admitted to violating the conditions of his probation on many grounds. The district court noted that Castillo had previously received three "quick dip" sanctions imposed by his supervising officer. The district court ordered Castillo to serve 60 days in the county jail for his new violations and extended his probation for 12 months.

At a hearing on March 13, 2018, Castillo admitted to violating the conditions of his probation by (1) failing to report to his supervising officer and (2) committing the new crime of misdemeanor criminal damage to property. Castillo also acknowledged that he had absconded from probation. The district court revoked Castillo's probation and ordered him to serve a modified sentence of 20 months' imprisonment. Castillo appealed.

On appeal, Castillo claims the district court "erred in revoking his probation and in ordering him to serve a modified prison sentence." Castillo acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the record reflects that Castillo had a prior probation violation and he received intermediate sanctions from the district court. Also, the district court revoked Castillo's probation after finding that he had committed a new crime while on probation. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Castillo also acknowledged that he had absconded from probation, and the district court could circumvent intermediate sanctions for this reason. See K.S.A. 2018 Supp. 22-3716(c)(8)(B). In revoking Castillo's probation, the district court stated:

> "So I understand Mr. Castillo's done some positive things recently. Unfortunately, what his history seems to suggest to me is that when the heat's on, he'll do a few things, and then as soon as the heat's off, he kind of reverts back to pretty much doing what he wants to do. I would also note that at the time of his sentencing, he had 26 entries on his criminal history score, dating back to the time that he was a juvenile offender."

The district court showed leniency by granting a modified sentence of 20 months' imprisonment. The district court's decision to revoke Castillo's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Castillo has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.

3